IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GAYLAND L. EDWARDS, #01769899,<br>Petitioner, | § § § | |
| v. | § § | CIVIL NO. 3:16-CV-0231-D-BK |
| LORIE DAVIS, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Div.,[1]<br>Respondent. | § § § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 was referred to the United States magistrate judge. Upon review of the relevant pleadings and law, and for the reasons that follow, the petition should be **DENIED**.

**I. BACKGROUND**

In 2012, Petitioner was convicted of aggravated sexual assault of a child under the age of fourteen and sentenced to 60 years' imprisonment. *State v. Edwards*, No. F10-55217 (Crim. Dist. Ct. No. 7, Dallas Cty., Tex., Feb. 9, 2012), *aff'd*, No. 05-12-00218-CR, 2013 WL 5314713 (Tex. App.–Dallas, Sep. 20, 2013, pet. ref'd). The Texas Court of Criminal Appeals subsequently denied state habeas relief. *Ex parte Edwards*, No. WR-83,315-01, Doc. 11-13 (Tex. Crim. App. Oct. 28, 2015) (denied without written order based on trial court's findings).

---

[1] In May 2016, Lorie Davis succeeded William Stephens as Director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Under Rule 25(d) of the Federal Rules of Civil Procedure, Davis was "automatically substituted as a party."

In his timely federal petition, filed January 28, 2016, Petitioner alleges ineffective assistance of counsel and claims the State withheld exculpatory evidence. Doc. 3 at 6-7. Respondent argues one claim is unexhausted and procedurally barred and the remaining claims lack merit. Doc. 12. Petitioner has filed a reply. Doc. 14. Thus, the petition for writ of habeas corpus, is now ripe for review.

## II. ANALYSIS

### A. Claim 1 is Unexhausted and Procedurally-Barred

A petitioner must fully exhaust state remedies by fairly presenting the factual and legal basis of any claim to the highest state court for review before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b); *Morris v. Dretke*, 413 F.3d 484, 490-491 (5th Cir. 2005). A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). Failure to exhaust is generally a procedural bar to federal habeas review, although the federal court may excuse the bar if the petitioner can demonstrate either cause or prejudice for the default or that the court's failure to consider the claims will result in a fundamental miscarriage of justice. *Ries v. Quarterman*, 522 F.3d 517, 523-524 (5th Cir. 2008) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Petitioner did not exhaust his first claim that he was denied effective assistance of counsel at trial and on appeal in connection with an alleged incident of judicial and juror misconduct. *Compare* Doc. 3 at 6 (ineffective assistance claim raised in ground one of the federal petition), *with* Doc. 11-17 at 10-11 (ineffective assistance claims raised in state

application).  In his state application, Petitioner alleged judicial and jury misconduct, based on the trial judge's purchase of lunch for the jury.  *See* Doc. 11-17 at 14, 16 (claiming the trial judge bribed the jurors by buying them lunch, and that the jurors accepted the judge's bribe).  Petitioner, however, did not allege a separate claim of ineffective assistance of counsel based on the purported bribe as he does in his federal petition.  *See* Doc. 11-17 at 10-11 (list of ineffective assistance claims raised in state application).  Moreover, apart from citing case law that generally governs exhaustion requirements and procedural default and requesting liberal construction of his pleadings, Petitioner does not refute the State's argument that he failed to exhaust his ineffective assistance of counsel claim.  Doc. 14 at 3-7.

Consequently, Petitioner's failure to exhaust state court remedies constitutes a procedural default that bars this Court from considering his claim of ineffective assistance of counsel.  *Morris*, 413 F.3d at 491-492; *Ries*, 522 F.3d at 523-524.  Furthermore, Petitioner has not alleged, much less shown cause for the default and actual prejudice, or that a fundamental miscarriage of justice would occur if the Court were to refuse to consider his claim.  *See Coleman*, 501 U.S. at 750; *see also Martinez v. Ryan*, 566 U.S. 1, 13, (2012) ("only where a prisoner is impeded or obstructed in complying with the State's established procedures will a federal habeas court excuse the prisoner from the usual sanction of default").  Indeed, aside from a brief mention of counsel's failure to raise the claim on direct appeal, which does not excuse Petitioner's own error in not pleading the claim in his state application, Petitioner's reply is silent about cause and prejudice.  Doc. 14 at 5.  Additionally, his fleeting reference to actual innocence is limited to his second claim – the State's alleged withholding of exculpatory evidence – not his failure to exhaust state court remedies.  Doc. 14 at 7.

Lastly, it is apparent from a review of the record that Petitioner had the opportunity to raise in his state application all the claims he presents here, and simply failed to do so. Accordingly, Petitioner's first claim of ineffective assistance of counsel should be dismissed with prejudice as unexhausted and procedurally barred.

## A. Remaining Claims Lack Merit

### 1. Standard

Petitioner is not entitled to habeas corpus relief unless the state court's adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Petitioner bears the burden of establishing that he is entitled to relief. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002). However, that burden is "difficult to meet," *Harrington v. Richter*, 562 U.S. 86, 102, 105 (2011), since the decision of the state court is reviewed under a "highly deferential" standard and afforded the "benefit of the doubt." *Woodford*, 537 U.S. at 24 (citation and internal quotation marks omitted). Section 2254(d) "was meant to stop just short of imposing a complete bar to federal court relitigation of claims already rejected in state court proceedings, allowing for federal habeas relief only where there have been 'extreme malfunctions in the state criminal justice systems.'" *Wilson v. Cain*, 641 F.3d 96, 100 (5th Cir. 2011) (*quoting Richter*, 562 U.S. at 102 786). Consequently, as long as "'fairminded jurists

could disagree' on the correctness of the state court's decision, federal habeas relief should not be granted." *Id.* (quoting *Yarborough v. Alvarado,* 541 U.S. 652, 664 (2004)).

Moreover, the Court reviews claims of ineffective assistance of counsel under a "doubly deferential" standard, taking "a 'highly deferential' look at counsel's performance," under *Strickland v. Washington*, 466 U.S. 668, 689 (1984), "through the 'deferential lens of § 2254(d).'" *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011) (quoted cases omitted). In light of the deference accorded by section 2254(d)(1), "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S. 86, 101.

To establish ineffective assistance of counsel at trial, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. 668, 687. The Court need not address both components if the petitioner makes an insufficient showing on one. *Id.* at 697. To establish deficient performance, a petitioner must show that his attorney's actions "fell below an objective standard of reasonableness." *Id.* at 689. In evaluating an attorney's performance, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," or that under the circumstances the challenged action might be considered sound trial strategy. *Id.* at 689. Under *Strickland*'s prejudice prong, a petitioner additionally must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

## 2. Claim 2 - State Withheld Exculpatory Evidence

Petitioner claims the State withheld exculpatory evidence, namely a Child Protective Services (CPS) report indicating the victim had previously been abused by someone else. Doc. 3 at 6. Petitioner maintains the CPS report "would have avoided a trial entirely." *Id.*

Insofar as Petitioner seeks to raise a *Brady* violation, he has not alleged, much less established, that the State suppressed evidence that was favorable and material to his defense. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963) (to establish a *Brady* violation, a petitioner must prove (1) the prosecutor suppressed or withheld evidence (2) that was favorable and (3) material to his guilt or punishment). A review of trial counsel's affidavit, submitted during the state habeas proceedings, confirms that both Petitioner and counsel were aware of the earlier sexual-abuse incident recounted in the CPS report. Doc. 11-16 at 19. The state court summarized the affidavit as follows:

> Counsel presented a defensive theory at trial: that the complainant fabricated the allegation to cause Applicant to be incarcerated so that she could see her boyfriend without Applicant's interference.
>
> Counsel discussed, after investigating, the theory that the complainant borrowed the facts from a prior sexual assault perpetrated by a third party with Applicant. Applicant decided to abandon this defense in favor of the defense mentioned above.

Doc. 11-16 at 15.[2] And in his objections to the state habeas court findings, Petitioner admitted that he and counsel were aware of the information in the CPS report during trial. Doc. 11-14 at 5. Because Petitioner was well aware of the contents of the report, even if he could demonstrate

---

[2] The state habeas court's findings do not address Petitioner's *Brady* claim. Doc. 11-16 at 14-16. Nonetheless, because Petitioner mentioned the claim in his state application, Respondent has addressed it on the merits. Doc. 12 at 14 n. 4.

that the physical report was not provided him, he cannot demonstrate that the report itself (rather than its contents) was material.

Moreover, Petitioner merely speculates that the CPS report "*would* have avoided a trial entirely." Doc. 3 at 6 (emphasis added). Mere speculation cannot form the basis for habeas corpus relief. "[A] court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . , unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983).

In sum, Petitioner has not shown that the state courts' denial of relief was contrary to or an unreasonable application of Supreme Court law. Therefore, his second claim fails.

### 3. Claim 3 -- Ineffective Assistance of Trial Counsel

Petitioner also asserts counsel was ineffective for denying him witnesses during the guilt/innocence phase of trial because they were directed to the wrong courtroom. Doc. 3 at 7. He avers "the Defendant's witnesses were available" to testify during the guilt-innocence phase of the trial and that their testimony "could have changed the outcome of the verdict." *Id.*

The state habeas court rejected this claim finding based on trial counsel's affidavit that he had "informed all witnesses where to appear for the trial." Doc. 11-16 at 15. The state court's determination of historical fact is entitled to a presumption of correctness, 28 U.S .C. § 2254(e)(1); *Moore v. Johnson,* 194 F.3d 586, 604 (5th Cir. 1999), and Petitioner has not produced clear and convincing evidence to rebut the same. Moreover, applying the appropriate deference and having independently reviewed Petitioner's claim and the state court record, the Court concludes the state court's application of *Strickland* was reasonable. Petitioner has

provided nothing more than conclusory allegations to show that defense counsel's performance fell below an objective level of reasonableness. *See Ross*, 694 F.2d at 1011 ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . . to be of probative evidentiary value.").

Even if Petitioner could demonstrate deficient performance, he has not established a reasonable probability that, but for counsel's allegedly deficient performance, the result of the proceeding would have been different, and that counsel's errors were so serious that they rendered the proceedings unfair or the result unreliable. *See Richter,* 562 U.S. at 104. Specifically, Petitioner has failed to present evidence that any of the defense witnesses (who purportedly went to the wrong floor and courtroom) were available and willing to testify, or to even allege that their testimony would have been favorable to him. *See Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002) (to demonstrate the requisite *Strickland* prejudice, a habeas petitioner must show that witness would have testified at trial and that the testimony would have been favorable) (citing *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985)). In his reply, Petitioner references only his mother's affidavit, originally submitted with his state application. Doc. 14 at 7. However, her affidavit is completely silent about the testimony, if any, that she would have offered and whether it would have been favorable. Doc. 11-17 at 32-34.

On this record, Petitioner cannot overcome the strong presumption that he received effective assistance of counsel at trial. Thus, the state court's denial of relief on this ground was a reasonable application of federal law, and his third claim fails.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DENIED**.

**SIGNED** May 16, 2017.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE